**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSEPH SMITH, an individual,**

       **Plaintiff,**

**vs.**

                              CASE NO.

**TRAFFIC CONTROL DEVICES, INC.**
**a Florida for Profit Corporation**
            **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSEPH SMITH ("Plaintiff"), through undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, TRAFFIC CONTROL DEVICES, INC., a Florida for Profit Corporation, ("TCD" or "Defendant") and states as follows:

### PRELIMINARY STATEMENT

1.      The Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq*., as amended (the "ADA"), is a remedial statute aimed at combating Congress's findings that discrimination against individuals with physical or mental disabilities persist in critical areas like employment, and our nation's goals with respect to individuals with disabilities is to assure equality of opportunity and participation. 42 U.S.C. § 12101(a)(1)-(8).  The ADA is meant to protect qualified employees, like Plaintiff, from discrimination, harassment and retaliation in the workplace an account of a real or perceived mental or physical disability.  42 U.S.C. § 12112. Therefore, termination on account of an employee's real or perceived disability is unlawful.

2.      In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress wished to remedy its finding that employees with serious health conditions have "inadequate job security" when they have to leave work for temporary periods. *See* 29 U.S.C. § 2601(a)(4).  The FMLA provides eligible employees, like Mr. Smith, with

unpaid, job-protected leave in the event they are suffering from a serious medical condition.  26 U.S.C. § 2612(a)(1).  An employee that takes FMLA protected leave is entitled to return to the same position after coming back to work.  29 U.S.C. § 2614(a)(1).  Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful for an employer to discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA.  29 U.S.C. § 2615(a)(2).

3.     This is a disability discrimination and FMLA interference/retaliation action brought pursuant the ADA, FMLA and Fla. Stat. 760 *et. seq*. (the "FCRA"), by JOSEPH SMITH, an African American male, who suffers from multiple medically diagnosed disabilities. Mr. Smith notified his employer of his need for emergent medical care.  He was approved to take the leave requested.  When Mr. Smith was discharged from the hospital he texted his boss to set up a meeting to discuss his return to work.  TCD scheduled a meeting the following Monday with Mr. Smith and terminated him the same day of the meeting.  Mr. Smith was terminated for no other reason than his disabilities or because TCD perceived him to be disabled.  The Plaintiff seeks: (i) back pay and front pay (where reinstatement is not feasible); (ii) compensatory damages in whatever amount he is found to be entitled; (iii) liquidated damages in whatever amount he is found to be entitled; (iv) an award of interest, costs and reasonable attorney's fees and expert witness fees; (v) punitive damages; (vi) equitable relief; (vii) declaratory relief; (viii) pre-judgment and post-judgment interest (where allowable); and (ix) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, Title I of the ADA, as amended, Title 1 of the Civil Rights Act of 1991, and the FMLA, and has authority to

grant declaratory relief under the Title VII of the Civil Rights Act, ADA, FMLA and pursuant to 28 U.S.C. § 2201 et seq.

2.       The Court has supplemental jurisdiction over Plaintiff's Florida Civil Rights Act ("FCRA") claims pursuant to 28 U.S.C. § 1367, as the claims arise out of the same set of operative facts as his federal statutory claims.

3.       Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in Seminole County, Altamonte Springs, Florida, which is located within the Orlando Division of the Middle District of Florida.

## SATISFACTION OF CONDITIONS PRECEDENT

4.       On or about August 10, 2018, Plaintiff dual filed his Charge of Discrimination ("Charge") with the Equal Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), alleging that Defendant, TRAFFIC CONTROL DEVICES, INC. discriminated and retaliated against him because of his medical conditions, in violation of the ADA and the FCRA.

5.       Jurisdiction over the claim is appropriate pursuant to Fla. Stat. Chap.760 (FCRA), because more than 180 days have passed since the filing of the charge, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts and circumstances as the federal claims.

6.       All conditions precedent to this action have been satisfied and/or waived.

## PARTIES

7.       At all times material to this action, Plaintiff was a resident of Charlotte County, Punta Gorda, Florida.

8.       At all times material, Traffic Control Devices, Inc. was a Florida for Profit

Corporation that has its principal place of business in Seminole County, Altamonte Springs, Florida. Traffic Control Devices, Inc. can be served with process through its registered agent Gregory Steven Cockman at 242 N. Westmonte Drive, Altamonte Springs, Florida 32714.

9. At all times material, TCD is an electrical contractor that specializes in traffic signalization, highway signing and intelligent transportation system (ITS) including fiber optic networks, and security cameras.

10. On information and belief at all times material, TCD is a corporation with an excess of five-hundred employees.

11. At all times material, Plaintiff was employed by Defendant.

12. At all times material, TCD directly or indirectly, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; (vii) working conditions.

13. At all times material, TCD agreed to allocate responsibility for, or otherwise determined key terms and conditions of the Plaintiff's work and administered training, job duties, and job assignments.

14. TCD regularly and continuously engaged in business in Florida.

15. TCD was Plaintiff's employer within the meaning of ADA.

16. TCD was Plaintiff's employer within the meaning of the FCRA.

17. Defendant was "engaged in commerce" within the meaning of the ADA.

18. Plaintiff was an individual and an employee of Defendant within the meaning of the FCRA.

19. Plaintiff was an individual, and an employee of the Defendant within the meaning of ADA.

20.     Plaintiff was an "employee" of Defendant within the meaning of the ADA.

21.     Plaintiff is a "qualified individual" under the ADA since he can perform the primary duties of his job with or without an accommodation.  See 42 U.S.C. § 12111(8).

22.     Plaintiff has a disability as defined by 42 U.S.C. §12102 (1) and (2) that substantially limits one or more major life activities including major body functions. Specifically, Plaintiff suffers from congestive heart failure and hypertensive heart disease to name a few.

23.     Plaintiff is covered by the ADA because he is an individual who:

    a.      Has a physical impairment that substantially limits one or more major life activities or bodily functions;

    b.      Has a record of physical impairment that substantially limits one or more major life activities or bodily functions; and/or

    c.      Was regarded as having a physical impairment that substantially limits one or more major life activities or bodily functions.

24.     At all times material, Plaintiff worked at a location where TCD employed 50 or more employees within 75 miles.

25.     In 2016, TCD had 50 or more employees for each working day in each of 20 or more calendar weeks.

26.     In 2017, TCD had 50 or more employees for each working day in each of 20 or more calendar weeks.

27.     In 2018, Traffic Control Devices, Inc. had 50 or more employees for each working day in each of 20 or more calendar weeks.

28.     At all times material, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer for at least 12 months and

worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

29.     Defendant is an employer under the FMLA because it is engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

30.     Plaintiff is protected by the FMLA.

31.     Plaintiff is protected by the ADA.

32.     Plaintiff is protected by the FCRA.

## GENERAL ALLEGATIONS

33.     TCD at all times material, is an electrical contractor that specializes in traffic signalization, highway signing and intelligent transportation system, including fiber optic networks, and security cameras.

34.     Mr. Smith was hired by Defendant on or about September 29, 2016 as a laborer/power tool operator.

35.     Mr. Smith worked at the Defendant's office located at 6489 Florida Street, Punta Gorda, Florida 33950.

36.     Within his first year of employment with the Defendant, Mr. Smith was promoted to the Traffic Signal Installer position, subsequent to acquiring his USDOT CDL license as well as his IMOT level I Certification.

37.     Mr. Smith worked for the Defendant without incident from September 2016 until his termination.

38.     On or about May 14, 2018, Mr. Smith notified his employer that he was experiencing unexpected health issues and would need to be off for the rest of the week.

39.     He was granted the emergency leave requested.

40.     On or about May 16, 2018, Mr. Smith was hospitalized and remained under doctors' care until his discharge on May 18, 2018.

41.     Mr. Smith was diagnosed with acute kidney failure, congestive heart failure and hypertensive heart failure.

42.     Consequently, Mr. Smith was prescribed a defibrillator vest to wear on a daily basis.

43.     The wearing of the defibrillator vest did not limit or interfere with Mr. Smith's daily activities.

44.     Upon discharge from the hospital, on or about May 19, 2018, Mr. Smith texted his supervisor, Mr. Jason Ownbey, to inform him of his hospitalization and to also request an in-person meeting to discuss his health issues in depth.

45.     Mr. Jason Ownbey suggested Mr. Smith come to work on Monday, May 21, 2018 at 9:00 am.

46.     During the meeting, Mr. Ownbey told Mr. Smith the company did not provide light duty positions and that if Mr. Smith was asking for a light duty position, then Mr. Smith was better off finding a different type of job.

47.     During the course of the discussions, Mr. Smith did reveal he was wearing a defibrillator vest.

48.     After seeing the vest, Mr. Smith was told that he was a good employee and he should have no problem finding another job.

49.     Mr. Ownbey did not ask Mr. Smith to present a doctors' note nor did he ask for a fitness for duty certification in order to evaluate Mr. Smith's ability to work.

50.     TCD did not attempt and did not offer to accommodate Mr. Smith with his disabilities.

51.    TCD did not attempt to find alternative assignment for Mr. Smith.

52.    Instead, TCD immediately terminated Mr. Smith from his position with TCD.

53.    TCD terminated Mr. Smith's employment on the false pretenses that the decision was mutual.

54.    TCD terminated Mr. Smith's employment on the false pretenses that Mr. Smith voluntarily resigned.

55.    TCD terminated Plaintiff on the false pretenses that TCD's field positions are classified as "safety sensitive".

56.    TCD's reasons for terminating Plaintiff are discriminatory.

57.    TCD's reasons for terminating Plaintiff were manufactured, post hoc, after Plaintiff engaged in activities protected by the ADA, the FMLA, and the FCRA.

58.    Mr. Smith was terminated from employment as a result of Defendant's illegal discrimination and/or retaliation.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE ADA

59.    Plaintiff re-alleges paragraphs 1 through 58 of the Complaint, as if fully set forth herein.

60.    Plaintiff is a qualified individual with a disability.

61.    Plaintiff has the requisite skills to perform and can perform the essential functions of his position.

62.    Plaintiff engaged in protected activity under the ADA.

63.    Plaintiff was in need of a reasonable accommodation.

64.    Plaintiff was perceived as disabled by Defendant.

65.    Defendant was Plaintiff's employer as defined by the ADA.

66.    With actual knowledge of Plaintiff's disability, Defendant threatened to terminate Plaintiff's employment.

67.     With actual knowledge of Plaintiff's disability, Defendant terminated Plaintiff without attempt or offer to accommodate him.

68.     With actual knowledge of Plaintiff's disability, Defendant terminated Plaintiff.

69.     With actual knowledge of Plaintiff's disability, Defendant failed to request Plaintiff undergo a fitness for duty exam and instead relied on Mr. Ownbey's non-medical opinion to terminate him.

70.     Defendant hired Plaintiff in 2016 despite his weight and due to his size, Plaintiff never worked in the bucket and rarely if ever worked with live electricity.

71.     Defendant discriminated against Plaintiff because of his disability or perceived disability in violation of the ADA.

72.     Defendant discriminated against Plaintiff by failing to accommodate his disability in violation of the ADA.

73.     Defendant discriminated against Plaintiff because he exercised his rights under the ADA.

74.     Defendant had actual or constructive knowledge of the discriminatory conduct of Plaintiff's supervisor.

75.     Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

76.     Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's disability or perceived disability.

77.     Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADA.

78.     The Defendant's wrongful termination is discrimination on the basis of Mr. Smith's disabilities, real or perceived, in violation of the ADA and 42 U.S.C. § 12112.

79. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably, injured Plaintiff, including but not limited to, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

80. The conduct of Defendant was so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

81. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered damages for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

82. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

83. Defendant's violations of the ADA were willful.

WHEREFORE Plaintiff, Joseph Smith, respectfully requests entry of:

    a.    judgment in his favor and against Defendant for violation of the anti-discrimination provisions of the ADA;

    b.    judgment in his favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

    c.    judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

    d.    judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

    e.    judgment in his favor and against Defendant for punitive damages;

    f.    declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**COUNT II**
**UNLAWFUL DISCRIMINATION/RETALIATION IN**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Fla. Stat. 760 et. seq.)**

84.     Plaintiff re-alleges paragraphs 1 through 58 of the Complaint, as if fully set forth herein.

85.     Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

86.     Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

87.     Plaintiff was in need for a reasonable accommodation.

88.     Defendant was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled.

89.     Defendant terminated Plaintiff on the basis of his disability or because Defendant regarded Plaintiff as disabled in violation of the FCRA.

90.     Further, Defendant terminated Plaintiff in retaliation for having requested a reasonable accommodation.

91.     As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

92.     Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

93.     Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

94.     Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

95.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

96.     Plaintiff demand trial by jury.

WHEREFORE, Plaintiff, Joseph Smith, respectfully requests entry of:

a.     judgment in his favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FCRA;

b.     judgment in his favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.     judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct;

d.     judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

e.     judgment in his favor and against Defendant for punitive damages;

f.     declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g.     an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## RETALIATION, INTERFERENCE, COERCION
## AND/OR INTIMIDATION OF PLAINTIFF FOR EXERCISING RIGHTS ADA

97.     Plaintiff re-alleges paragraphs 1 through 58 of the Complaint, as if fully set forth herein.

98.     Title I of the ADA, 42 U.S.C. § 12111 requires that Defendant provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with disabilities.

99.     During the time Plaintiff was employed by Defendant, Plaintiff engaged in

protected activity under the ADA.

100.    Plaintiff also opposed acts and practices made unlawful by the ADA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to discrimination on the basis of his disability.

101.    Defendant retaliated and discriminated against Plaintiff for engaging in said protected activity.

102.    During the time Plaintiff was employed by Defendant, he exercised and/or enjoyed rights granted and/or protected by the ADA, including, but not limited to, requesting and making use of reasonable accommodations for his disability.

103.    Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADA.

104.    Defendant discharged Plaintiff and terminated his employment after he exercised a right afforded under the ADA.

105.    With actual knowledge of Plaintiff's disability and chronic serious health condition, Defendant terminated Plaintiff's employment.

106.    As such, Defendant retaliated against Mr. Smith.

107.    Under the ADA, Defendant was legally obligated to refrain from retaliating against Plaintiff because of his disability, request for leave, and his need for accommodation.

108.    Notwithstanding this obligation under the ADA and in willful violation thereof, Defendant retaliated against Plaintiff because he disclosed his disability and needed a reasonable accommodation.

109.    As a direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the ADA, Plaintiff has suffered damages in an amount to be determined at trial.

110.    Plaintiff demands trial by jury.

WHEREFORE Plaintiff, Joseph Smith, respectfully requests entry of:

a.    judgment in his favor and against Defendant for violation of the anti-retaliation provisions of the ADA;

b.    judgment in his favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.    judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.    judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

e.    judgment in his favor and against Defendant for punitive damages;

f.    declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV
## INTERFERENCE WITH FMLA RIGHTS

111.    Plaintiff re-alleges paragraphs 1 through 58 of the Complaint, as if fully set forth herein.

112.    At all times relevant hereto, Defendant interfered with Plaintiff's right to take leave from work under the FMLA.

113.    At all times relevant hereto, Defendant failed to provide notice of Plaintiff's right to take FMLA leave and therefore interfered with Plaintiff's right under the FMLA.

114.    At all times relevant hereto, Defendant failed to provide an accounting of FMLA available hours to him, and thus interfered with Plaintiff's right under the FMLA.

115.    At all times relevant hereto, Defendant interfered with Plaintiff's right to reinstatement to the same or similar position after having return from an FMLA qualifying leave by terminating Plaintiff.

116.    Plaintiff's suffered from a disability that also qualifies as a "serious health condition" within the meaning of the FMLA.

117.    Plaintiff's condition is "chronic" within the meaning of the FMLA.

118.    Plaintiff was entitled to FMLA protected leave.

119.    Defendant is subject to the requirements of the FMLA.

120.    Plaintiff provided adequate notice of his serious health condition and need for accommodation.

121.    Defendant was aware of Plaintiff's serious health condition and his need for FMLA protected leave.

122.    Defendant failed to provide Plaintiff adequate notice of his rights under the FMLA.

123.    Defendant failed to provide Plaintiff with reasonable accommodation leave that he did qualify or could potentially qualify under the FMLA.

124.    Defendant failed to provide Plaintiff with notice of his rights under the FMLA or that his accommodation would qualify as FMLA protected leave, or how many hours of FMLA leave he was entitled to under the circumstances.

125.    Plaintiff had not exhausted his entitlement to FMLA leave at the time.

126.    Defendant terminated Plaintiff without attempt or offer of a reasonable accommodation, having just been discharged from the hospital.

127.    By terminating Plaintiff, Defendant interfered with Plaintiff's right to take FMLA protected leave, to reinstatement upon his completion of the leave, and to future FMLA benefits in the event they may have been needed.

128.    Plaintiff was denied benefits to which he was entitled under the FMLA.

129.    As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

130.    Plaintiff is entitled to liquidated damages because Defendant cannot show that its violation of the FMLA was in good faith.

131.    Defendant's violation of the FMLA was willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

132.    Plaintiff is entitled to all remedies available to him pursuant to the FMLA.

WHEREFORE, Plaintiff, Joseph Smith respectfully requests entry of:

   a.    judgment in his favor and against Defendant for its interference with his rights under the FMLA;

   b.    judgment in his favor and against  Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of  Defendant's conduct;

   c.    judgment in his favor and against  Defendant for his reasonable attorney's fees and litigation expenses;

   d.    judgment in his favor and against Defendant for liquidated damages;

   e.    declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

   f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT V
## RETALIATION IN VIOLATION OF THE FMLA

133.    Plaintiff re-alleges paragraphs 1 through 58 of the Complaint, as if fully set forth herein.

134.    Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

135.    Defendant was Plaintiff's employer as defined by the FMLA.

136.    Defendant discriminated and/or retaliated against Plaintiff because he exercised his rights under the FMLA or attempted to exercise his rights under the FMLA.

137.    Defendant discriminated and/or retaliated against Plaintiff because he was likely to exercise his rights under the FMLA in the future.

138.    Defendant discriminated and/or retaliated against Plaintiff because he complained about unfair employment practices and adverse employment actions taken as a result of his exercise of rights under the FMLA.

139.    Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

140.    Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

141.    Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

142.    Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

143.    As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

144.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused and continue to cause irreparable harm.

145.    Because Defendant cannot prove that its violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

146.    Defendant's violation of the FMLA was willful, as its managers / human resource personnel engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE, Plaintiff, Joseph Smith, respectfully requests entry of:

a.    judgment in his favor and against  Defendant for its interference with his rights under the FMLA;

b.    judgment in his favor and against  Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of  Defendant's conduct;

c.    judgment in his favor and against  Defendant for his reasonable attorney's fees and litigation expenses;

d.    judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.    declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 18 day of May, 2020.

Respectfully submitted,

*s/ Paul M. Botros*
Paul M. Botros, Esquire
FL Bar No.: 063365
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Tel: 954-327-5352
Fax: 954-327-3017
E-mail: pbotros@forthepeople.com

***Trial Counsel for Plaintiff***